JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

PRISCILA GUARDADO,

Petitioner,

v.

WARDEN OF ADELANTO ICE PROCESSING CENTER, et al.,

Respondents.

Case No. 5:26-cv-05426-DTB

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

**I.**

**PRIOR PROCEEDINGS**

On August 13, 2026, petitioner Priscila Guardado ("Petitioner"), proceeding pro se, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 in Priscila Guardado v. Warden of Adelanto ICE Processing Center, et al, Case No. 5:26-cv-04661-DTB ("Guardado I"). In Guardado I, the petition alleged the following claims for habeas relief: (1) Petitioner's detention violates her right to procedural due process under the Fifth Amendment; (2) Petitioner's detention violates her right to substantive due process under the Fifth Amendment and (3)

Petitioner's detention violates the Administrative Procedures Act. (Guardado I, Docket No. 1 at 6).[1]

On August 24, 2026 (pursuant to General Order 26-05's expedited briefing schedule, see Docket No. 5 at 2, 5), in Guardado I, Respondents filed an answer to the petition (Guardado I, Docket No. 10), wherein they alleged that Petitioner was presently "properly detained" following her release from state prison after serving a sentence on a conviction for vehicular manslaughter while intoxicated, but also acknowledged that Petitioner appeared to be entitled to an initial bond hearing pursuant to Rodriguez Vazquez v. Bostock, 183 F.4th 1160 (9th Cir. 2026) ("Rodriguez Vazquez"). (Id. at 2-3 ["Petitioner appears to be entitled to request and receive an initial bond hearing pursuant to *Rodriguez Vazquez v. Bostock*, [183 F.4th 1160] (9th Cir. 2026)[.]"]).

Petitioner did not file a Reply.

On September 15, 2026, in Guardado I, this Court granted the petition, ordering Respondents to provide Petitioner with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a), as well as 8 C.F.R. §§ 1003.19 and 1236.1. (Guardado I, Docket No. 12).

On September 24, 2026, in Guardado I, Respondents advised the Court that Petitioner was provided a bond hearing on September 22, 2026. (Guardado I, Docket No. 14). At the hearing, the Immigration Judge denied bond, finding Petitioner to be a danger to the community. (Guardado I, Docket No. 14-1). Petitioner reserved her right to appeal to the Board of Immigration Appeals. (Id.).

/ / /

/ / /

/ / /

---

[1] For the parties' pleadings, the Court cites to the CM/ECF pagination at the top of each page.

## II.

## PROCEEDINGS

On September 14, 2026, Petitioner, proceeding pro se, filed a second Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Petition"). The Petition alleges the following claims for habeas relief: (1) Petitioner's detention violates her right to procedural due process under the Fifth Amendment; (2) Petitioner's detention violates her right to substantive due process under the Fifth Amendment (3) Petitioner's detention violates the Administrative Procedures Act; and (4) Petitioner's detention violates the equal protection clause of the Fourteenth Amendment. (Docket No. 1 at 6-7).

On September 24, 2026 (pursuant to General Order 26-05's expedited briefing schedule, see Docket No. 5 at 2, 5), Respondents filed an Answer to the Petition ("Answer"), wherein they request that the Court deny the Petition as Petitioner received the bond hearing ordered by the Court in Guardado I on September 22, 2026, at which the Immigration Judge denied bond after determining Petitioner was a danger to the community. (Docket No. 10 at 2). Respondents also note that Petitioner had until October 22, 2026, to appeal the bond denial to the Board of Immigration Appeals. (Id.).

Petitioner did not file a Reply.

On October 27, 2026, Petitioner filed an "Ex Parte Application: Emergency Release and Limited Notice Relief" ("TRO Application"). (Docket No. 13).

Thus, this matter is now ready for decision. For the reasons set forth herein, the Court denies the Petition.

/ / /

/ / /

/ / /

/ / /

## III.

## BACKGROUND[2]

Respondents allege that Petitioner is a citizen of El Salvador who entered the United States unlawfully and without inspection, at an unknown place and on an unknown date. (Guardado I, Docket No. 10-1 at 4). Petitioner alleges that she was previously detained and released by Immigration and Customs Enforcement ("ICE") in 1999, and that she was free from immigration custody for 27 years until she was re-detained by ICE on August 7, 2026. (Docket No. 1 at 2; Guardado I, Docket No. 1 at 6).

On August 4, 2026, the California Department of Corrections and Rehabilitation - California Institution for Women State Prison ("CIW") in Corona, California, notified San Bernardino Enforcement and Removal Operations ("ERO") that Petitioner was scheduled to be paroled from their facility on August 7, 2026, after being incarcerated due to her conviction in the Superior Court of California for the offense of California Penal Code § 191.5(a), Gross Vehicular Manslaughter While Intoxicated. (Guardado I, Docket No. 10-1 at 4).

On August 7, 2026, ERO San Bernardino conducted an in-person interview at CIW with Petitioner prior to taking her into custody. (Id.). During the voluntarily interview, Petitioner stated she is a national and citizen of El Salvador who entered the United States illegally on a date and time she does not remember. (Id.). Petitioner also confirmed that her parents are citizens of El Salvador and have no status in the United States. (Id.). CIW then released Petitioner into ERO San Bernardino custody. (Id.). Petitioner was transported to San Bernardino ERO for processing without incident. (Id.). ERO San Bernardino processed Petitioner for

---

[2] The Petition provides few facts regarding Petitioner's factual background. Therefore, the Court distills the background facts from both the Petition and the Answer in Guardado I.

removal and served her with a Notice to Appear (Form I-862), pursuant to Section 212 (a)(6)(A)(i) of the Immigration and Nationality Act, as amended. (Id.).

Petitioner is being detained at the Adelanto ICE Processing Center in Adelanto, California. (See https://locator.ice.gov/odls/#/results).

## IV.

## LEGAL AUTHORITY

The statutory bar against successive habeas petitions found in 28 U.S.C. § 2244(b) applies only to habeas petitions filed pursuant to 28 U.S.C. § 2254 and not habeas petitions filed pursuant to 28 U.S.C. § 2241. Barapind v. Reno, 225 F.3d 1100, 1111 (9th Cir. 2000). The Ninth Circuit has, nevertheless, recognized that the common law doctrine of abuse of the writ may serve as a bar to successive habeas petitions filed pursuant to § 2241. Alaimalo v. United States, 645 F.3d 1042, 1049 (9th Cir. 2011). "The doctrine of abuse of the writ generally 'forbids the reconsideration of claims that were or could have been raised in a prior habeas petition.' " Id. (citation omitted). Further, in applying the abuse of the writ doctrine, "grounds may be considered the same even when supported by different legal arguments." Sanders v. United States, 373 U.S. 1, 11–12 (1963).

"Under the abuse of the writ doctrine, a successive petition that raises identical grounds for relief as a prior petition must be dismissed unless the petition can show (1) cause for bringing a successive petition and that prejudice would result or (2) that a fundamental miscarriage of justice would result from failure to entertain that claim." Alaimalo, 645 F.3d at 1049.

/ / /

/ / /

/ / /

/ / /

/ / /

## V.
## DISCUSSION

### A. The Petition is a Successive Petition and Abuse of the Writ.

Petitioner's Petition is successive because it asserts claims that the Court has either addressed and rejected or could have been raised in the first petition. Williams v. Calderon, 83 F.3d 281, 286 (9th Cir. 1996); Campbell v. Blodgett, 997 F.2d 512, 516 (9th Cir. 1992) ("A claim is successive if it was raised in an earlier petition, or if it fails to raise a ground for relief that is new or different than a claim raised in an earlier petition and previously determined on the merits.").

Petitioner's current Petition alleges that her detention is unlawful because her re-detention violates her right to both procedural and substantive due process under the Fifth Amendment, violates the Administrative Procedures Act ("APA"), and also violates the Equal Protection Clause of the Fourteenth Amendment. (Docket No. 1 at 6-7). Notably, a review of the petition in Guardado I, shows that Petitioner raised the same claims for violation of her right to procedural and substantive due process under the Fifth Amendment, as well as for a violation of the APA in that action. (Guardado I, Docket No. 1). The only new claim in the instant Petition is that her detention violates the Equal Protection Clause of the Fourteenth Amendment. (Docket No. 1 at 7). However, the Petition includes no facts or argument in support of Petitioner's Equal Protection claim. (Id.). Accordingly, it appears this claim is based on the same facts as the other claims in the instant Petition which, in turn, are the same facts raised in Guardado I.

Here, it appears that the claims raised in the instant Petition fall within the abuse of the writ doctrine as "second or successive" claims, since Petitioner had a full and fair opportunity to raise these claims in Guardado I. Eldridge v. Howard, 70 F.4th 543, 522 (9th Cir. 2023) (citing Magwood v. Patterson, 561 U.S. 320, 346 (2010).

Accordingly, the Court finds that the instant Petition raises claims that Petitioner either raised or could have raised in her prior petition. Moreover, as noted by Respondents, Petitioner has received the bond hearing that was previously ordered by this Court in Guardado I. (See Guardado I, Docket No. 14).

Petitioner's procedural due process claim, which the Court already addressed, is predicated on factual circumstances that existed prior to the Court's September 15, 2026 Order in Guardado I, and largely duplicates the record which was before the Court in Guardado I. Moreover, the legal theory underlying Petitioner's due process claim - that Petitioner was owed pre-deprivation process—is not new. Petitioner has an obligation to "conduct a reasonable and diligent investigation aimed at including all relevant ... grounds for relief in the first federal habeas petition." McCleskey v. Zant, 499 U.S. 467, 498 (1991).

"A different factual basis or argument asserted to support the same legal theory advanced previously does not constitute a new ground for relief and is successive." Campbell, 977 F.2d at 516. Petitioner cannot circumvent the Court's ruling in Guardado I by relitigating a claim already presented to, and rejected by, the Court, absent a showing of prejudice or miscarriage of justice. Sanders, 373 U.S. at 16 ("Even if the same ground was rejected on the merits on a prior application, it is open to the applicant to show that the ends of justice would be served by permitting the redetermination of the ground.").

Petitioner has made no showing of prejudice or miscarriage of justice such that justice would be served to have this Court consider her claims anew. In fact, Petitioner filed the instant Petition on September 14, 2026, prior to the lapse of the period in which to appeal the denial of her bond, which expired on October 22, 2026. (Docket No. 10 at 2). While the Court recognizes that the instant Petition could have resulted in a different decision than her first petition, that consideration does not

constitute the prejudice or fundamental miscarriage of justice contemplated under a successive petition analysis.

Finally, no manifest injustice exists because Petitioner is not without a remedy, to the extent she can seek a bond redetermination pursuant to 8 C.F.R. § 1003.19 (e) based on her changed circumstances. The proper procedure would be to seek a redetermination before the immigration court. Accord Arciaga v. Asher, No. 14-1659, 2015 WL 500189, at *3 (W.D. Wash. Jan. 23, 2015) (noting that petitioner who is detained under § 1226(a) and did not request another bond redetermination hearing under § 8 C.F.R. § 1003.19(e) failed to show a due process violation); Gillis v. Decker, No. 13-0172, 2013 WL 4718913, at *3–4 (M.D. Pa. Sept. 3, 2013) (dismissing habeas petition without prejudice where petitioner failed to file a subsequent bond request as per 8 C.F.R. § 100.19 as he still had remedies available to challenged his continued detention before having court consider his habeas petition).

Because the Court has ruled on the merits of the claim and granted a remedy, Petitioner's proper recourse is to appeal the decision in Guardado I to the Ninth Circuit.

Accordingly, the undersigned concludes that Petitioner has not shown cause for bringing a successive petition nor has Petitioner shown that a fundamental miscarriage of justice would result from failing to consider her successive petition. Therefore, the court finds that this Petition is barred as a successive petition under the abuse of the writ doctrine. See Burke v. Colbert, No. 23-1644, 2025 WL 89115, at *1 (9th Cir. Jan. 14, 2025) ("The district court correctly concluded that this claim is barred by the abuse of the writ doctrine because he raised it in his first § 2241 petition.").

/ / /

/ / /

## VI.

## ORDER

For the foregoing reasons, the Court DISMISSES without prejudice the Petition as a successive petition barred under the abuse of the writ doctrine and DENIES the TRO Application as moot in light of the dismissal of this action.

IT THEREFORE IS ORDERED that Judgment be entered denying the Petition and dismissing this action without prejudice. The Clerk is directed to close this case.

DATED: October 28, 2026

DAVID T. BRISTOW
UNITED STATES MAGISTRATE JUDGE